UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| JON M. JEFFERSON, | : CASE NO. 1:19-CV-002848 |
| Plaintiff, | : |
| vs. | : OPINION & ORDER |
| | : [Resolving Doc. No. 1] |
| PERRY WHEELER, | : |
| Defendant. | : |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Jon M. Jefferson filed this civil rights action against United States Deputy Marshal Perry Wheeler. In the Complaint, he contends federal authorities took possession of his personal property, which included his legal notes for trial, when he was transferred from state to federal custody. He contends he did not get it back until his trial was over. Jefferson asserts claims of retaliation, interference with attorney-client privilege, illegal search and seizure, denial of due process, and denial of a fair trial, He seeks declaration that his conviction was the result of constitutional violations, reversal of his conviction, and monetary damages.

**I. Background**

Jefferson alleges he was booked into the Richland County Jail on June 1, 2017. He was questioned on October 25, 2017 by United States Deputy Marshal Wheeler, who Jefferson contends was the lead detective for the Metrich Drug Task Force in Richland County. He

refused to answer questions and was told to pack his things because he was being transferred to federal custody. Jefferson states a jail officer required him to dump all of his personal property, which included his notes for his criminal defense, into a black garbage bag. Jefferson claims that when he exited the jail, he noticed the transport officers did not have the garbage bag. He asked a jail corrections officer about his bag and was told he did not know what happened to it. The officer assured him he would probably get it after his arraignment in federal court. He claims he was taken to the Northeast Ohio Correctional Center for a week and was then returned to the Richland County Jail. He indicates he was not reunited with his property. He filed a grievance with the Jail Administrator who assured him that the Marshals had his property and would return it to the jail and credit his trust account for money that was in his account at the time of transfer. Jefferson asked a jail sergeant which Marshal had taken his property when he was taken into federal custody. The sergeant indicated the bald Marshal placed the garbage bag in his car. Jefferson understood that to be Wheeler. Jefferson indicates he eventually received his property and the funds owed to his account but claims this did not occur until after his trial was over.

Jefferson claims his criminal defense was hampered by not having the notes for his defense. He asserts that Wheeler retaliated against him for invoking his Fifth Amendment rights during questioning and interfered with his attorney-client privilege. He contends Wheeler did not have a warrant to seize his personal property and therefore violated his right to be free from illegal searches and seizures. He claims he was deprived of property without due process and denied a right to a fair trial. He asks that this Court declare his rights to have been violated, vacate his conviction and order that he be retried. Finally, he seeks monetary damages.

2

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest a Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

## III. Analysis

Before proceeding to the merits of this claim, the Court must decide whether *Bivens*[7] provides cause of action in this context. Although Jefferson cites to 42 U.S.C. § 1983 as his cause of action, that statue provides for relief against state and local officials for violations of constitutional rights. Wheeler is a United States Deputy Marshal, and therefore not a state

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Neitzke*, 490 U.S. at 327.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4] *Id.* at 678.
[5] *Id.*
[6] *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).
[7] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

official. While Congress provided a specific damages remedy for Plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983, they did not provide a corresponding remedy for constitutional violations by federal officials.[8] In *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. Since then, the Supreme Court allowed *Bivens* remedies in only two other contexts: (1) in a Fifth Amendment gender-discrimination case[9]; and (2) in an Eighth Amendment Cruel and Unusual Punishments Clause case[10]. The Court has not approved of an implied damages remedy under the Constitution itself.[11] Furthermore, the Supreme Court recently clarified that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied, absent the presence of special factors.[12]

Jefferson asserts claims for retaliation, interference with attorney-client privilege, seizure of property without a warrant, denial of due process and denial of a fair trial. Of those claims, only his Fourth Amendment claim is arguably cognizable in a *Bivens* action. The others must be dismissed.

To the extent Jefferson seeks reversal of his conviction and a new trial based on his Fourth Amendment claim, he cannot obtain that relief in a *Bivens* action. For that purpose, his sole remedy is habeas corpus.[13]

---

8      *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017).
9      *Davis v. Passman*, 442 U.S. 228 (1979).
10     *Carlson v. Green*, 446 U.S. 14 (1980).
11     *Ziglar*, 137 S.Ct. at 1855.
12     *Id.*
13     *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent he seeks damages, Jefferson has not stated a claim under the Fourth Amendment. He was moved from state custody to federal custody for approximately one week before being returned to the county jail. When he was taken by the United States Marshals, he was instructed to pack up his property. He did not see who took possession of his property nor did he see it go with him when he was transported by the Marshals. He knows that he did not have access to it again until he was returned to state custody. Although he was only away from the jail for a week, his property was not located and returned until he filed grievances. He states he asked a sergeant at the jail what had happened to his property and the sergeant told him the bald federal agent took it. Jefferson understood him to be referring to Wheeler. At best, those allegations describe negligent conduct on the part of one or more individuals. Injury caused by negligence, however, does not constitute a "deprivation" of any constitutionally protected interest.[14]

**IV. Conclusion**

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[15]

IT IS SO ORDERED.

                                                         _s/ James S. Gwin_
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[14] *See DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 201-02 (1989); *Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F.3d 345, 348 (1994).

[15] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.